UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RWS

| | | |
|---|---|---|
| **PHILLEATRA GAYLOR** | : | |
| | : | |
| Plaintiff *pro se*, | : | CIVIL ACTION FILE NO. |
| | : | |
| v. | : | **1:15-CV-0225** |
| | : | |
| **OWEN SMITH**, Circuit Librarian, U.S. Court of Appeals for the Sixth Circuit; **CLARENCE MADDOX**, Circuit Executive, U.S. Court of Appeals for the Sixth Circuit; **MEGAN LYNESS**, Federal Property Manager, U.S. General Services Administration; **CLIFFORD L. MOSLEY**, Representative, Environmental Health Services | : : : : : : : : : | |
| Defendants. | : | |

### PRO SE EMPLOYMENT RETALIATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment retaliation lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000E et seq., which makes retaliation unlawful and Section 1.11.2 of the U.S. Court of Appeals for the Sixth Circuit Personnel Policies that prohibits retaliation by stating the following:
    "An employee will not be subject to retaliation, coercion or interference because he or she has filed a complaint."

2. This Court has subject matter jurisdiction over this case under the above-listed statues and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.

| Name: | Philleatra Gaylor, *pro se* |
|---|---|
| Address: | 740 Lakeview Ave, NE<br>Atlanta, GA 30308 |

4. Defendants.

| Name: | Owen Smith (Circuit Librarian) |
|---|---|
| Address: | U.S. Court of Appeals for the Sixth Circuit<br>317 Potter Stewart U.S. Courthouse<br>Cincinnati, OH 45202 |

| Name: | Clarence Maddox (Circuit Executive) |
|---|---|
| Address: | U.S. Court of Appeals for the Sixth Circuit<br>317 Potter Stewart U.S. Courthouse<br>Cincinnati, OH 45202 |

| Name: | Megan Lyness (Federal Property Manager) |
|---|---|
| Address: | U.S. General Services Administration<br>900 Georgia Ave<br>Chattanooga, TN 37402 |

| Name: | Clifford L. Mosley (Representative, Environmental Health Services) |
|---|---|
| Address: | Department of Health and Human Services<br>Federal Occupational Health Service<br>2165 W. Park Court, Suite C<br>Stone Mountain, GA 30087 |

## Location and Time

5. The unlawful retaliatory acts at issue were committed remotely from Cincinnati, OH by email, mail, and videoconference to Chattanooga, TN and Atlanta, GA. The hearing for the proposed adverse action of termination took place via videoconference with the Plaintiff and two of the defendants (Owen Smith and Clarence Maddox) in Atlanta, GA on December 9, 2013 at the Richard B. Russell Federal Building. The notification of termination effective February 25, 2014 was mailed to Atlanta, GA.

6. Retaliatory acts referenced in this complaint took place from approximately December 17, 2012 to September 10, 2014, the last date that Plaintiff received a correspondence from defendant Clarence Maddox concerning allotments deducted from her checks until

December 1, 2013 for a Long Term Disability Policy. On August 20, 2014, Plaintiff learned from MetLife that her policy had been intentionally lapsed on November 3, 2013 without Plaintiff's consent after she filed a claim on November 19, 2013. Maddox replied to the Plaintiff that "...further inquiries to his office would receive no response."

## Administrative Procedures

7. Plaintiff was employed by the Federal Judiciary and completed the administrative process established by the U.S. Court of Appeals for the Sixth Circuit—proposal of adverse action, appeal, hearing, final review by Chief Judge, and notice of termination. Procedures to ensure due process with a fair hearing were not followed as well as failure to disclose an exculpatory inspection report purposely withheld from Plaintiff. In addition, Clarence Maddox (Circuit Executive) abused his authority by acting in three capacities--that of Hearing Officer, EDR Coordinator, and Chief Judge Designee.

## Nature of the Case

8. The conduct complained about in this lawsuit involves:

    - ☑ working under terms and conditions of employment that differed from similarly situated employees
    - ☑ harassment
    - ☑ retaliation
    - ☑ termination of my employment
    - ☑ failure to accommodate my disability

9. I believe that I was discriminated against because of:

    - ☑ my race or color, which is African American
    - ☑ my disability or perceived disability, which is allergies triggered by mold that was not remediated after a record breaking rainy season that caused water leakage and flooding into the building
    - ☑ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws

## Facts of Claim

### Background

10. Philleatra Gaylor (hereafter, "Plaintiff") was hired as Satellite Librarian for the Eastern District of Tennessee which includes Chattanooga, Knoxville, Greeneville, and Winchester by Kathy Welker (former Circuit Librarian) on August 16, 2010. Owen Smith (hereafter, "Smith") succeeded Welker as Circuit Librarian and became Plaintiff's

3

supervisor on approximately October 17, 2010. Smith is headquartered in Cincinnati, OH so the only contact Plaintiff had with Smith was principally email.

11. Smith's first visit to Chattanooga, TN to meet with Plaintiff was on August 17, 2011. After the visit, Plaintiff's relationship with Smith quickly deteriorated. Plaintiff was the sole African American Satellite Librarian for the U.S. Court of Appeals for the Sixth Circuit.

12. The working relationship became so hostile that Plaintiff filed an amended grievance against Smith on March 14, 2012 alleging harassment, discrimination, and bullying.

13. A mediation conducted by Paul Calico (Circuit Mediator) was arranged by Clarence Maddox (Circuit Executive) (hereafter, "Maddox") to settle the grievance against Smith by the Plaintiff. On June 8, 2012, an agreement was reached with Smith who stated "… he had no intention of bullying Plaintiff in the future."

14. On July 2, 2012, (less than 25 days after agreeing to the mediation terms), Smith drove to Chattanooga, TN and terminated Plaintiff's employment without notice.

15. On August 28, 2012, Plaintiff was reinstated with back pay after filing an Employee Dispute Resolution (EDR) Complaint alleging and proving acts of discrimination against her by Smith in addition to his disregard and breach of the mediation agreement.

## Retaliation

16. On December 17, 2012, (less than 4 months after Plaintiff's reinstatement) Smith began overt retaliatory acts against the Plaintiff.

### #1

17. **Reassignment of Plaintiff's Judges**
After learning the Judicial Council was considering closing court libraries that served 10 or fewer judges, on December 17, 2012, Smith notified Plaintiff that all of the judges she served were being reassigned except for 6. Plaintiff's judge count was reduced from 15 to 6 judges effective January 2, 2013. Essentially, the terms and conditions of Plaintiff's job were substantially changed. Her job responsibilities were shrunk 60%, significantly disproportionate to her salary and level of experience. Plaintiff now had the lowest judge count of all Sixth Circuit Satellite Librarians.

### #2

18. **Denial of Plaintiff's Request for ADA Accommodation**
Plaintiff had worked in the Joel W. Solomon Federal Building in Chattanooga, TN without complaint about any hazardous or environmental problems for over 3 years (August 16,

4

2010 – June 30, 2013). But July, 2013 proved different due to record rains that prompted the following news stories:

(1) *"Showing its age: Chattanooga's 80-year-old federal building lacks security, space"* (http://www.timesfreepress.com/news/2013/jul/01/showing-its-age-80-year-old-federal/) – article mentions the water-damaged ceiling in the lobby and the latest water leak on the first floor right below Plaintiff;
(2) *"Rats, floods, leaks at Chattanooga's federal courthouse"* (http://www.youtube.com/watch?v=xrMReZyZ20c);
(3) *"Flooding in Chattanooga from non-stop rain"* (http://www.youtube.com/watch?v=bEj9Pew3dTE);
(4) *"Federal courtroom in Chattanooga hit with another debris fall"* (http://www.timesfreepress.com/news/local/story/2014/nov/04/courtroom-hit-with-another-debris-fall/271213/).

Plaintiff began experiencing nasal congestion making breathing difficult, laryngitis after being in the building approximately 2 hours, xanthelasma that disfigured her left eyelid, then started surfacing on the right eyelid, excruciating headaches, fatigue, and other symptoms indicative of a sick building.

19. Plaintiff notified Smith of her symptoms on August 29, 2013 and requested ADA accommodation to telework as recommended by her primary care doctor of over 10 years who noticed Plaintiff's worsening respiratory condition that he felt was triggered by allergens in Chattanooga, TN.

20. Smith trivialized the doctor's recommendation, ignored Plaintiff, and made no attempt to address her worsening respiratory symptoms.

21. On approximately September 5, 2013, Plaintiff noticed that a U.S. General Services Administration (GSA) employee (Jeffrey) was using a cement mixture on the exterior of the building. When Plaintiff asked the GSA employee what he was doing, he responded that he was patching water leaks to prevent further water intrusion into the building. Plaintiff immediately associated the water leaks with mold—an allergen she was allergic to that triggers respiratory problems, internal bleeding, skin disorders, cancer, and even death.

22. After experiencing another episode of laryngitis, Plaintiff filed a complaint with Occupational Safety and Health Administration (OSHA) on September 9, 2013.

23. Plaintiff was granted 5 days of paid administrative leave for the workplace to be inspected but was told no evidence of mold or mildew was found. Also, Plaintiff was reprimanded by Maddox and told she had not given Smith enough time to address the problem before she contacted OSHA.

5

24. On September 27, 2013, Plaintiff was denied ADA accommodation by Maddox to telework because her duties required in-person attendance and was not amenable to telework. No interactive communication occurred.

### #3

25. **Refusal to Provide Plaintiff With a Current Job Description**
Despite Plaintiff's repeated requests for a list of in-person duties that had to be performed onsite, Smith refused to provide Plaintiff with a list of those duties or a revised job description after her judge count had been reduced from 15 to 6. Plaintiff operated with no current job description.

26. Without an official job description, there was no basis to determine what Plaintiff's job duties were and whether it was essential that they be performed in the Chattanooga workplace that had recurrent water leakage and flooding problems.

### #4

27. **Defendants Smith and Maddox Influenced Outcome of FOH Workplace Inspection Report, then Knowingly and Purposefully Withheld Findings From Plaintiff Because Microbial Growth (Mold) Was Apparent in Several Areas of the Chattanooga Library**
Maddox influenced the outcome of the inspection of Plaintiff's workplace for mold and other allergens by instructing the Federal Occupational Health Service (FOH) inspector Clifford L. Mosely, (hereafter, "Mosely"), not to speak to the Plaintiff during the November 1, 2013 inspection. Specifically, Mosley's inspection report dated November 4, 2013 addressed to Maddox stated, "In keeping with your instructions, I did not interview the sole occupant of this area, thus I am not privy to any health or environmental concerns of this individual. I understand that your request was prompted by a September 9, 2013 OSHA-filed anonymous complaint (OSHA complaint no. 852147)."

28. On September 20, 2013, Maddox had informed Plaintiff as follows:
"I have every intention to provide you with whatever we receive as a written report."

29. Smith and Maddox intentionally withheld the findings that microbial growth (mold), moisture condensation, a water stained ceiling tile, and dust accumulation in the overhead sprinkler were present in Plaintiff's workspace.

30. Smith's November 22, 2013 Proposal of Adverse Action stated, "Notwithstanding our efforts and reports to you, you continue to make unfounded assertions about your working conditions...We have devoted significant resources to examining your concerns about the condition of the library workspace because it should be free from hazards. **We have received three reports, two of which have been provided to you, which indicate no problems**..."

6

31. In addition, Mosely was accompanied during the inspection by Megan W. Lyness, Federal Property Manager, who augmented the report not given to Plaintiff with erroneous information that included the following statements:

    (1) "This individual has been in this location for three years, and commutes from Atlanta, GA three days a week;"
    (2) "Mr. Artie Ricketts, who has been on site for approximately seven years, was not aware of any water intrusion into this space."

32. Plaintiff did provide her name to OSHA so the complaint filed was not anonymous. Plaintiff emailed Smith that she had filed an OSHA complaint on the day it was filed. Also, water intrusion had occurred in the space. Standing water in certain areas of the library was noted by the inspector in his report. Plaintiff never commuted three days a week to Atlanta, GA.

### #5

33. **Plaintiff Terminated After Filing OSHA Complaint**
    On November 22, 2013 (less than 18 days after defendants Smith and Maddox were given the FOH Inspection report dated November 4, 2013 confirming environmental hazards including microbial growth in Plaintiff's workspace), she was contacted via videoconference and emailed a Proposal of Adverse Action that stated Plaintiff was immediately suspended and would be terminated on December 3, 2013 if she did not appeal. Plaintiff's computer was shut down and her door access card was deactivated approximately 30 seconds later.

34. Plaintiff appealed and a videoconference hearing was scheduled for December 9, 2013 at the Richard B. Russell Federal Building in Atlanta, GA.

35. After the videoconference hearing on December 9, 2013 attended by Plaintiff with remote appearances by Smith and Maddox, Plaintiff was terminated effective February 25, 2014 by a letter delivered to her by FedEx that was biased and did not accurately reflect the content of the hearing. Smith and Maddox used the pretext that the termination was justified by Plaintiff's conduct and insubordination. No Memorandum of Counseling had been issued after Plaintiff's reinstatement concerning conduct or insubordination problems.

36. Smith and Maddox were motivated to retaliatorily terminate Plaintiff after she filed the OSHA complaint about workplace environmental conditions and her worsening respiratory symptoms.

37. No investigation of others with respiratory problems in the building or interviews of witnesses who interacted with Plaintiff were conducted.

38. On approximately February 21, 2014, Maddox contacted OSHA to close the case and stated, "If a hazard was found to exist, the necessary steps have been taken to correct

7

the hazardous condition." The correction was obviously the wrongful termination of the Plaintiff.

39. Plaintiff
    ☑ No longer works for defendants

40. If this is a disability-related, did defendants deny a request for reasonable accommodation?

    ☑ Yes
    Due to in-present duties that defendants Smith and Maddox claimed needed to be performed onsite, but once Plaintiff was terminated, the Chattanooga Library was closed and serviced offsite/remotely.

41. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial? ☑ Yes

## **Request for Relief**

(1) Back wages;

(2) Lost future earnings or reinstatement with a transfer to another comparable federal job;

(3) Compensatory damages for pain and suffering plus medical expenses;

(4) Health insurance and benefits;

(5) Cease and desist order to prevent future discrimination, harassment, and retaliation;

(6) Purging of Plaintiff's federal work record, especially of any negative SF-50 codes;

(7) Attorney fees of $350;

(8) Costs and fees involved in litigating this case;

(9) Such other relief as may be appropriate.

I hereby certify under penalty of perjury that the above complaint is true to the best of my information, knowledge, and belief.

Signed this ___23rd___ day of ___January___, 2015.

Philleatra Gaylor, Pro Se Plaintiff
740 Lakeview Ave, NE
Atlanta, GA 30308
(770) 317-3143