FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 06 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PHILLEATRA GAYLOR** | |
| Plaintiff *pro se*, | CIVIL ACTION FILE NO. |
| v. | 1:15-CV-0225-RWS-JCF |
| **OWEN SMITH**, Circuit Librarian, U.S. Court of Appeals for the Sixth Circuit; **CLARENCE MADDOX**, Circuit Executive, U.S. Court of Appeals for the Sixth Circuit; **MEGAN LYNESS**, General Services Administrator, U.S. General Services Administration; **CLIFFORD L. MOSLEY**, Representative, Environmental Health Services, | |
| Defendants. | |

**PLAINTIFF'S BRIEF IN RESPONSE TO COURT'S ORDER <u>DATED JUNE 15, 2015</u>
AND DEFENDANTS' RESPONSE DATED JUNE 25, 2015**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended plus violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* for retaliatory acts committed by Defendants from approximately December 17, 2012 to September 10, 2014 after her reinstatement with back pay on August 28, 2012 reversing a wrongful termination on July 2, 2012. Plaintiff was again terminated on February 25, 2014 after a series of retaliatory acts by Defendants.

1

On April 15, 2015, Defendants moved to dismiss plaintiff's case for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Although the Defendants asserted in Exhibit Doc. 5-2 that the Sixth Circuit's Employment Dispute Resolution (EDR) Plan and its EDR Review Procedures for Final EDR decisions or dismissals of EDR complaints provided the exclusive rights and procedures for employment disputes, the legislative history of Title VII manifests congressional intent to allow individuals to pursue independently their rights under both Title VII and other applicable...federal statutes, *Arrocha v. Panama Canal Commission*, 609 F.Supp. 231, (E.D.N.Y., 1985). Additionally, the Sixth Circuit's Personnel Policies and EDR Plan are similar in language and purpose to Title VII and ADA, *Rebar v. Marsh*, 959 F.2d 216, 217 (11th Circuit, 1992). As such, Defendants' violation of Title VII which includes discrimination and retaliation plus violation of the ADA are claims for which relief can be granted.

On June 15, 2015, the Court ordered supplemental briefing on the issue of whether venue is proper in the Northern District of Georgia. According to 42 U.S.C. § 200e-5(f)(3), a Title VII case may only be brought in one of the following judicial districts:

  **(1)** In the state in which the unlawful act is alleged to have been committed;

  **(2)** Where the aggrieved plaintiff would have been employed but for the unlawful act;

  **(3)** Where the employment records relating to the proscribed conduct are maintained and administered; and

(4) Where the agency has its principal office (but only if the defendant cannot be brought before the court in any of the three preceding districts), 42 U.S.C. § 2000e-5(f)(3).

These venue provisions are the exclusive venue provisions for Title VII employment discrimination and retaliation actions. The Plaintiff has the burden of showing that venue is proper. See Home Ins. Co. v. Thomas Industries, Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).

Defendants stated that "The principal location for the United States Court of Appeals for the Sixth Circuit is Cincinnati, IL. Doc. 5-2 (Declaration of Lorna Zwerin Parson). Plaintiff's official duty station was Chattanooga, TN, and all of Plaintiff's official personnel records are located in St. Louis, MO. *Id*. Defendants declare as previously mentioned, the alleged <u>unlawful acts also</u> occurred outside the state of Georgia (Doc-12, page 2), then contradict themselves by stating there were no unlawful acts that occurred in the Northern District of Georgia (Doc-12, page 3).

While Defendants admit that alleged unlawful acts did occur in Georgia, they still attempt to force venue in an inconvenient judicial district but the following cases and statutes concerning violations of Title VII and ADA govern:

(1) Title VII's venue provision obviously contemplates the possibility that several districts could provide an appropriate venue for the same action, *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Circuit, 2000).

(2) In determining proper venue under this statute, a court must first look to the situs of any one of the <u>first three</u> criteria set forth in § 2000e-5(f)(3). The court

may look to the district in which the employer's principal office is located <u>only if venue cannot be laid in one of the other three possible districts</u> specified in the statute, *Allen v. Bolger*, 597 F.Supp, 482, 485 (D.Kan.1984); *Katz v. Lewis*, 26 F.E.P. Cases 1402, 1403 (D.D.C.1981).

(3) Congress' militant approach affords citizens full redress of civil rights grievances to allow plaintiffs a particularly wide latitude in choosing the situs of their litigation, *Gilbert v. General Elec. Co*, 347 F.Supp 1058, 1060 (1972).

## ANALYSIS AS TO WHY THE NORTHERN DISTRICT OF GEORGIA IS THE PROPER VENUE

Defendants named in the complaint reside in Cincinnati, OH, Chattanooga, TN, and Stone Mountain, GA (a suburb of Atlanta, GA). Clifford Mosley (Representative, Environmental Health Services) is a critical witness who conveniently resides in the Northern District of Georgia where Plaintiff has filed this case.

Although Defendants Circuit Executive Clarence Maddox (hereafter, "Maddox") and Circuit Librarian Owen Smith (hereafter "Smith") acted from their headquarters in Cincinnati, OH; they subjected themselves to the jurisdiction of the Northern District of Georgia by their conduct, *Welsch v. Meistermatic, Inc.*, 2006 WL 1308041, (WDPA, 2006). Defendants Owen Smith, Clarence Maddox, and Megan Lyness did business with Georgia by hiring environmental inspector Clifford Mosley from Stone Mountain, GA in furtherance of their illegal retaliatory acts. In addition to the inspector who resides in the Northern District of Georgia, Maddox made contacts with the Bankruptcy Court at the Joel W. Solomon Federal and United State Courthouse in Atlanta, GA to arrange

the December 9, 2013 termination appeal hearing via videoconference where Plaintiff resides.

Also, Plaintiff's address on record with the U.S. Court of Appeals for the Sixth Circuit was 300 Midvale Ave, Apt. 60, Chattanooga, TN 37405. Maddox and Smith sent Federal Express mail dated 11/23/2013, 12/5/2013, 12/12/2013, 12/16/2013, 2/25/2014, and 2/28/2014 (see Exhibit 1) to her Atlanta, GA address without authorization or prior notice of a change of address. Therefore, even though the adverse action decision was made in Cincinnati, OH; the forum in which the decision was implemented and felt was Atlanta, GA, *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506. In Atlanta, GA, Plaintiff suffered the effects of the termination appeal hearing by:

(1) Receipt of communications containing concoctions of false and distorted allegations meant to assassinate, smear, and undermine Plaintiff's character. Maddox even went as far as racially stereotyping Plaintiff by dumbing down her language with inflections in departure from the termination appeal hearing's videotaped recording.

(2) Discovery from Occupational Safety and Health Administration (OSHA) of the third inspection report dated 11/4/2013 that confirmed mold and other hazards in Plaintiff's workspace that was deliberately withheld from her by Smith and Maddox. (On 11/22/2013, after receiving the 11/4/2013 inspection report, Smith communicated to Plaintiff, "We have devoted significant resources to examining your concerns about the condition of the library workspace because it should be free from hazards. We have received three reports, two of which have been provided to you, which indicate no problems."

Looking at the evidence received by Plaintiff in Atlanta, GA, that was not the truth);

(3) Notice on August 20, 2014 to Plaintiff from MetLife that her long term disability (LTD) policy had been cancelled effective 11/3/2013 without her authorization or knowledge even though payments for the LTD policy continued to be deducted from her paychecks until 12/2/2013. MetLife contacted the Defendants, who were uncooperative, so Smith and Maddox knew that Plaintiff had filed an LTD claim on 11/19/2013;

(4) If not for the ADA retaliation, the aggrieved Plaintiff's workplace would have been Atlanta, GA, not Chattanooga, TN. (When Plaintiff became ill after the intrusion of water into her Chattanooga, TN workspace without mold remediation, she consulted her doctor of over 10 years who communicated to Defendants that Plaintiff's respiratory symptoms were worsening so recommended telecommuting. It had reached a point where Plaintiff had difficulty breathing, severe headaches, fatigue, disorientation, and onset laryngitis approximately two hours after being in the workplace. Every plant that was placed on the window ledge in the workspace died. Plaintiff's work was mostly performed using computers which due to modern technology could be performed anywhere as long as she had an Internet connection. Despite Plaintiff's request to telework to avoid continuous exposure to mold, she was denied the ADA accommodation to telecommute even though her former job is now remotely performed from Cincinnati, OH).

## CONCLUSION AND PRAYER

For the forgoing reasons, Plaintiff prays that her case not be dismissed or transferred, but remains in the Northern District of Georgia so that justice has a chance of prevailing. Though Smith and Maddox are headquartered in Cincinnati, OH where the decision-making took place, they had pervasive contacts with Atlanta, GA for venue to be proper in the Northern District of Georgia. Also, Atlanta, GA is the forum where Defendants' unlawful adverse acts were implemented and its effects felt, *Passantino*, 212 F.3d at 506. Finally, stated in Defendants' Doc.12, page 2, *Id.* "The alleged unlawful acts <u>also</u> occurred outside the state of Georgia. According to Dictionary.com "<u>also</u>" means "additionally, besides." It can be deduced that in any state and with whomever Defendants saw an opportunity to retaliate against the Plaintiff, they committed unlawful acts.

Respectfully submitted on the 6th day of July, 2015,

Philleatra Gaylor, Pro Se
740 Lakeview Ave NE
Atlanta, GA 30308
(770) 317-3143
(gaylorp@gmail.com)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 6th day of July, 2015, I delivered a copy of this opposition to the counsel of record.

Philleatra Gaylor, Pro Se

7

EXHIBIT 1

